# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Marisol Cruz

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

New York City Transit - MTA

_____

Do you want a jury trial?

☐ Yes     ☐ No

See attached additional defendant names

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

2024 JAN -2 PM 2: 55

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Marisol                                Cruz
First Name              Middle Initial        Last Name

40 Monroe Street        Apt J1
Street Address

New York                NY              10002
County, City            State           Zip Code

(212) 518-6808          cruxcontrol@gmail.com
Telephone Number        Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    Collective Bargaining Manager Mortense Avitus
                Name
                130 Livingston Street    12 Floor
                Address where defendant may be served
                Brooklyn,                NY              11201
                County, City             State           Zip Code

Defendant 2:    Afiya Garcia-Austin
                Name
                130 Livingston Street    12 Floor
                Address where defendant may be served
                Brooklyn                 NY              11201
                County, City             State           Zip Code

Defendant 3:

Tanya Forrester
Name

130 Livingston Street 12Fl
Address where defendant may be served

Brooklyn        NY                    11201
County, City        State        Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City            State            Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☑ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☑  religion: a religious reasonable accommodation

☐  sex: _____

☐  national origin: _____

Defendant 4

**Defendant 4:**

Sandrea Flowers
Name

130 Livingston Street   12 Floor
Address where defendant may be served

Brooklyn          NY          11201
County, City          State          Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City          State          Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17,** for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

Page 3

Defendant 5

Defendant 5:

Deborah Felice
**Name**

130 Livingston Street 12 Floor
**Address where defendant may be served**

Brooklyn            NY                    11201
**County, City**            **State**            **Zip Code**

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City            State            Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

Defendant 6

Defendant 6:

Sade Kronagay
**Name**

130 Livingston Street 12 Fl
**Address where defendant may be served**

Brooklyn                    NY                1120)
**County, City**              **State**          **Zip Code**

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
**Name**

_____
**Address**

_____
**County, City**                **State**                **Zip Code**

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

Page 3

Defendant 7:

Defendant 8:

R Wallace
**Name**

130 Livingsto Street        12 Floor
**Address where defendant may be served**

Brooklyn                NY              11201
**County, City**            **State**          **Zip Code**

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**Name**

**Address**

**County, City**                    **State**                    **Zip Code**

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐  **Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17,** for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

Page 3

☐ **42 U.S.C. § 1981,** for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967,** 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973,** 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☑ **Americans with Disabilities Act of 1990,** 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _Asthma and autoimmune diseases_

☐ **Family and Medical Leave Act of 1993,** 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law,** N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law,** N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☑ Other (may include other relevant federal, state, city, or county law):

_Aggravated harassment $240.30 , ( _____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☑  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☑  retaliated against me

☑  harassed me or created a hostile work environment

☑  other (specify):   did not accommodate my reasonable religous accommodate. Put on unpaid leave.

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached documents

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Marisol Cruz

40 Monroe Street Apt J1

New York, NY 10002

212-518-6808

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| Marisol Cruz, Plaintiff,<br><br>vs.<br><br>New York City Transit Authority,<br><br>Defendants. | Case No.:<br><br>~~Complaint~~ Facts B<br>Continuation |
| --- | --- |

I, Marisol Cruz, Plaintiff, residing at 40 Monroe Street Apt J1, New York, NY, 10002, charge the above named, Defendants, with unlawful discriminatory practice relating to employment in violation of Title VII of the Civil Rights Act of 1964. Plaintiff Marisol Cruz, worked for New York City Transit Authority as a Station Agent since 2006. Plaintiff Marisol Cruz has sincerely-held religious beliefs; I the plaintiff have medical conditions that are considered to be a disability. Plaintiff works in a Booth providing customer service. Plaintiff's work location at the time the discriminatory act took place was Wall Street station on the

1

2 line, Booth R111.

On December 24, 2021, Plaintiff Marisol submitted religious exemption/accommodation under US Title VII of the Civil Rights Act of 1964 to Employer MTA-New York City Transit Authority regarding New York City Transit Mask-Wearing and COVID-19 policies. Plaintiff Marisol Cruz notified employer Defendant Collective Bargaining Manager Martense Avitus, of the conflict of New York City Transit Mask-Wearing and other COVID-19 policies and plaintiff sincerely-held religious belief, observances, and practices.

On December 28, 2021, Defendants General Station Manager Flowers and Station Supervisor Forrester arrived at plaintiff's work place location, Booth R111 Wall Street station around noon. Defendants General Station Manager Flowers and Station Supervisor Forrester were made aware that plaintiff had a pending Title VII of the Civil Rights Act of 1964 exemption accommodation. Defendants General Station Manager Flowers and Station Supervisor Forrester reassigned Plaintiff Marisol Cruz the New York City Transit Authority Labor Relations Department on mask-wearing policy.

On December 29, 2021, Defendant Labor Relations Station Supervisor Afiya Garcia-Austin was made aware that plaintiff had a pending US Title VII of the Civil Rights Act of 1964 religious exemption accommodation. Defendant Labor Relations Station Supervisor Afiya Garcia-Austin took adverse action against plaintiff Marisol Cruz by placing plaintiff on unpaid leave without pay on December 30, 2023.

2

On January 12, 2022, Plaintiff Marisol Cruz, filed for Unemployment Insurance Benefits due to financial hardship caused by Defendant Station Supervisor Afiya Garcia-Austin.

On January 26, 2022, Plaintiff filed a contract grievance with Union Representative Anthony Atria citing contract violations.

On March 07, 2022, Plaintiff was denied Unemployment Insurance as a result of Defendants New York City Transit Authority making false claims against Plaintiff Marisol Cruz, citing plaintiff quit and discharged by disciplined, prolonging financial hardship.

In March 2022, Plaintiff Marisol Cruz requested a hearing with Unemployment Insurance to refuted the claims.

On April 21, 2022, plaintiff Marisol Cruz, for the first time was made aware that defendant Collective Bargaining Manager Martense Avitus denied plaintiff Marisol Cruz religious reasonable accommodation by the Department of Labor Unemployment Insurance.

On April 26, 2022, During New York Department of Labor Unemployment Insurance hearing, defendants New York Coty Transit Authority Representative Dean Kevin, Defendant Station Supervisor Tonya Forrester and Defendant Collective Bargaining Manager Martense Avitus confirmed that plaintiff Marisol Cruz did not quit or was disciplined. Defendant Collective Bargaining Manager Martense Avitus stated under oath, she never notified Plaintiff Marisol Cruz of denial of religious reasonable accommodation. Defendant Collective Bargaining Manager Martense Avitus also stated that the denial letter was forwarded to Defendant Group Station Manager, Sandrea Flowers in January

3

2022.

On May 12, 2022, Defendants of New York CIty Transit Authority failed to appear at Department of Labor Unemployment Insurance second hearing.

On May 17, 2022, Plaintiff Marisol Cruz officially received a denial letter for a reasonable accommodation a from defendant NYCT Collective Bargaining Manager Martense Avitus. Defendant Collective Bargaining Manager Martense Avitus made defamatory claim that plaintiff Marisol Cruz is a direct threat without any evidence. Defendant Collective Bargaining Manager Martense Avitus made claims against plaintiff Marisol Cruz caused New York City Transit Authority financial hardship without any evidence.

On June 21, 2022, Plaintiff Marisol Cruz sent a discrimination complaint letter to NYCTA internal EEO offices.

On June 23, 2022, Defendant New York City Transit Authority confirmed receipt of complaint letter.

On June 24, 2024, plaintiff Marisol Cruz made several attempts to make appointment with EEOC, sent complaint letter via mail.

On July 08, 2022, plaintiff Marisol Cruz returned to work. Defendant MTA/NYCT Senior Manager Wallace provided plaintiff Marisol Cruz a reasonable accommodation at the MTA (MAC) Medical Center regarding mask on July 07, 2022.

On July 11, 2023, Plaintiff changed workplace location to Booth A38 8 Street NYU. Defendant Station Supervisor Sade Kornagay made references to plaintiff's previous work location on Wall Street on 2 line.

On August 16, 2022, Defendant Station Supervisor Sade Kornagay

4

created a hostile work environment at booth A38, to tried to force Plaintiff to falsify documents and against NYCT policies. On August 18, 2022, Defendant Station Supervisor Sade Kornagay harassed plaintiff Marisol Cruz workplace attire. Plaintiff was wearing proper attire according to NYCT policies.

On August 20, 2022, Plaintiff Marisol Cruz received a disciplinary action notice by Station Supervisor David Washington who was not a first-hand witness regarding events that occurred on August 16, 2023.

On September 12, 2023, plaintiff Marisol Cruz made verbal complaints against Defendants Sade Kornagay and Deborah Felice to EEO Director David Sang.

On September 13, 2022, Defendant Station Supervisor Sade Kornagay created a hostile work environment over workplace shoes.

On November 15, 2022, Defendant Group Station Superintendent Deborah Felice, Station Supervisor Sade Kornagay created a toxic hostile work environment during a booth inspection, invading Plaintiff Marisol Cruz personnel space, almost touching plaintiff. Plaintiff actived booth electronic emergency booth communication system requested police. Plaintiff attempted to make a harassment complaint with NYPD. Defendants interfered with plaintiff filing a police complaint.

On March 15, 2023, Defendant Group Station Superintendent Deborah Felice, Station Supervisor Rose harassed plaintiff Marisol Cruz to sign off new safety policy after plaintiff explained she already addressed concerns with another superintendent in writing. Plaintiff actived booth electronic

5

emergency booth communication system requested police. Defendants interfered with plaintiff filing a police complaint.

On April 01, 2023, plaintiff received a disciplinary action notice by Station Supervisor Brenda Bassknight who was not a first hand-witness regarding events that occurred on March 15, 2023.

On April 04, 2023, Defendant Station Supervisor Sade Kornagay attempted to change the disciplinary action notice that plaintiff already received on April 01, 2023.

On April 04, 2023, Defendant Station Supervisor Sade Kornagay made defamatory statements against plaintiff Marisol Cruz forcing plaintiff to go to the New York City Transit medical center, for medical evaluation. Plaintiff reported to the New York City Transit medical center, forced by defendant Station Supervisor Sade Kornagay. Defendant Senior Manager Wallace humiliated, denied plaintiff reasonable accommodation after plaintiff explained the conflict with wearing a mask. Plaintiff reported the discriminatory treatment and defamatory action to EEO Senior Officer and Ann Marie Marriott.

On June 08, 2023, Defendant Station Supervisor Sade Kornagay created a hostile workplace environment, harassed plaintiff by trying to remove property from the Booth which violates NYCT policies. Plaintiff actived booth electronic emergency booth communication system requested police. NYPD denied a harassment complain, stating Transit Police Department 'knows' about plaintiff case. Plaintiff Marisol Cruz reported repeated retaliatory actions by Defendants Group Station Superintendent Deborah Felice and Station Supervisor Sade Kornagay to EEO

6

Senior Officer and Ann Marie Marriott.

On June 09, 2023, Defendant Group Station Superintendent Deborah Felice created a hostile workplace environment demonstrating non-verbal threats causing plaintiff Marisol Cruz to leave the booth for safety concerns. Plaintiff Marisol Cruz notiied defendant New York City Transit RRC via cellphone for of the reason for leaving the station.

On June 13, Plaintiff Marisol Cruz notified employer assignment center to verified how plaintiff is being carried and status to return.

On June 14, 2023, Plaintiff Marisol Cruz responded to EEO Senior Officer and Ann Marie Marriott email.

On June 28, 2023, plaintiff returned to work at Labor Relations office at 2 Broadway downtown Manhattan.

On July 03,2023, EEO Senior Officer and Ann Marie Marriott informed plaintiff Marisol Cruz that EEO office would take no further action regarding plaintiff complaint.

On July 05, 2023, Plaintiff Marisol received Disciplinary Action Notice by Defendants New York City Transit. Plaintiff Marisol Cruz was suspended without pay.

Plaintiff Marisol Cruz was denied a fair hearing and due process.

On October 23, 2023, Plaintiff Marisol Cruz was terminated from employment.

December 29, 2023

By: Marisol Cruz

7

Plaintiff in Pro Per

8

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☑ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

Loss wages, Lost pension, Pain and suffering, Damage to reputation, emotional anguish, humiliation, worsening of any existing conditions and punitive damages

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: December 27, 2023

Plaintiff's Signature

First Name: Cruz    Middle Initial: Marisol    Last Name: Cruz

Street Address: 40 Monroe Street #31

County, City: New York    State: NY    Zip Code: 10002

Telephone Number: (212)518-6808

Email Address (if available): CruzControl@gmail.com or CruzNine@yahoo.com

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☑ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/26/2023

**To:** Marisol Cruz
40 Monroe Street
Apt J1
New York, NY 10002

Charge No: 16G-2023-06029

EEOC Representative and email:    HERNAN MORALES
State and Local Program Manager
HERNAN.MORALES@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
10/26/2023

Timothy Riera
Acting District Director

are **not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

identifying your request as a "FOIA Request" for Charge Number 16G-2023-06029 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16G-2023-06029 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now **include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

✓ **Only one** major life activity need be substantially limited.

✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

Cc: **NYC Transit Authority**
    **Attn: Kristen Nolan – Esq**
    **130 Livingston Street**
    **12th Floor**
    **Brooklyn NY 11201**


    **Steven Efron LLP**
    **Attn: Renee Cyr – Esq**
    **237 West 35th Street**
    **Suite 1502**
    **New York NY 10001**

Please retain this notice for your records.    .