```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARISOL CRUZ,

                Plaintiff,

-against-

NEW YORK CITY TRANSIT
AUTHORITY - MTA, COLLECTIVE
BARGAINING MANAGER MARTENSE AVITUS,
AFIYA GARCIA-AUSTIN, TANYA FORRESTER,
SANDREA FLOWERS, DEBORAH FELICE,
SADE KRONAGAY, and R WALLACE,

                Defendants.

24 Civ. 89 (AT) (HJR)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Marisol Cruz, a former New York City Transit Authority ("MTA") station agent, brings this action against Defendants, MTA, Martense Avitus, Afiya Garcia-Austin, Tanya Forrester, Sandrea Flowers, Deborah Felice, Sade Kronagay, and R. Wallace, alleging that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-101 *et seq.*; and New York's criminal prohibition on "aggravated harassment," N.Y. Penal Law § 240.30, by discriminating against her on the basis of religion and disability. *See generally* Compl., ECF No. 1.

    After Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), the Court referred the motion to the Honorable Katharine H. Parker for a report and recommendation. ECF Nos. 30, 48. The action was then redesignated to the Honorable Henry J. Ricardo, who issued a report (the "R&R") recommending that the Court

grant Defendants' motion and dismiss Cruz's complaint in full.  R&R at 1, ECF No. 57.  Before the Court are Cruz's timely objections to the R&R.  Objs, ECF No. 59; *see also* ECF No. 58.  For the reasons stated below, the Court OVERRULES Cruz's objections and ADOPTS the R&R in full.

## BACKGROUND[1]

Cruz alleges that she suffered retaliation and discrimination on the basis of religion and disability when MTA placed her on an unpaid leave of absence in early 2022 for refusing to comply with masking and test-or-vaccine requirements and denied her request for an accommodation (the "COVID Accommodation Allegations"); when Cruz was subjected to an allegedly hostile work environment upon her return to work in July 2022 (the "Post-Return Harassment Allegations"); and when she was fired in 2023 (the "2023 Termination Allegations").  R&R at 2–4; Compl. at 10–16.[2]

The R&R recommends that the Court dismiss with prejudice Cruz's NYSHRL claims arising out of the COVID Accommodation and Post-Return Harassment Allegations for lack of subject matter jurisdiction because Cruz unsuccessfully pursued these claims before the New York State Division of Human Rights ("SDHR").  R&R at 14; *see Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013) (explaining that New York Executive Law § 297(9) precludes courts from exercising jurisdiction over discrimination claims first brought before a state or local human rights commission except in certain circumstances not applicable here).

Applying collateral estoppel and *res judicata* principles, the R&R also recommends that the Court dismiss with prejudice Cruz's ADA, Title VII, and NYCHRL claims arising out of the

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R and therefore summarizes only the key facts here.  *See* R&R at 1–8.

[2] Citations to the complaint at ECF No. 1 are to the ECF page number.

2

COVID Accommodation and Post-Return Harassment Allegations that were litigated in connection with Cruz's SDHR complaint because the claims are all based on the same "gravamen or are part of the same factual grouping" as the NYSHRL claims that the SDHR rejected. *Kirkland v. City of Peekskill*, 828 F.2d 104, 110 (2d Cir. 1987) (citation omitted); R&R at 14–17.

To the extent Cruz's ADA and Title VII claims are based on allegations not presented to the SDHR, the R&R recommends that the Court dismiss those claims without prejudice for failure to exhaust administrative remedies. R&R at 17–20. The R&R explains that the ADA and Title VII both require administrative exhaustion, and Cruz has not alleged or otherwise shown that she properly exhausted her claims related to allegations that post-date the filing of her SDHR complaint. *Id.* at 17–18 (citing *Soules v. Connecticut*, 882 F.3d 52, 57 (2d Cir. 2018)). Judge Ricardo considered whether the post-SDHR allegations could relate back to the earlier allegations for purposes of administrative exhaustion but found that "Cruz has not plausibly alleged that the clashes with her supervisors in the second half of 2022 and in 2023 that were not presented to the SDHR were in any way related to her earlier request for an accommodation." *Id.* at 18; *see id.* at 18–20.

Additionally, because Cruz pursued her retaliation claims related to the 2023 Termination Allegations in binding arbitration, and the arbitrator "d[id] not find that there is any basis to conclude that [Defendants'] actions were retaliatory," the R&R recommends that the Court dismiss Cruz's retaliation claims related to the 2023 Termination Allegations as barred by collateral estoppel. *Id.* at 20–22; *see Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003) (explaining that collateral estoppel may apply to issues and claims resolved in arbitration when there has been a final determination on the merits). Finally, because the R&R recommends

3

dismissing Cruz's federal claims for the various reasons stated above, it also recommends that the Court decline to exercise supplemental jurisdiction over Cruz's remaining NYSHRL and NYCHRL claims arising out of those portions of the Post-Return Harassment Allegations not litigated before the SDHR. R&R at 22–23; *see Barr v. Macys.com, LLC*, No. 22 Civ. 7867, 2023 WL 6393840, at *6 (S.D.N.Y. Sept. 29, 2023) ("Typically courts decline to exercise supplemental jurisdiction when the federal claims are dismissed." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).[3]

## DISCUSSION

I. <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the[ir] original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064,

---

[3] The R&R also recommends dismissing with prejudice Cruz's claim for "aggravated harassment" under New York Penal Law § 240.30 because the statute does not confer a private right of action. R&R at 24; *McFadden v. Ortiz*, No. 12 Civ. 1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) ("[T]here is no private right of action to enforce either state or federal criminal statutes. Therefore, even assuming, *arguendo*, that Defendants violated some criminal statutes, Plaintiff may not bring a claim based on those statutes to enforce New York [c]riminal [l]aw." (citation omitted)).

2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II. Cruz's Objections

Cruz objects to the R&R's conclusions with respect to "(1) Jurisdiction, (2) Individual liability, and (3) Retaliation." Objs. at 1–2. The Court addresses each category of objection in turn.

First, Cruz raises a general objection to the R&R's "findings in matters of jurisdiction." *Id*. at 2. Cruz states that she filed her complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of "the discrimination act" and "was forced to file" her complaint before the SDHR only "after the EEOC impeded the progress of [her] discrimination claim." *Id.* Reading Cruz's objections liberally, it appears that Cruz challenges an argument Defendants raised in their motion to dismiss—specifically, that Cruz's Title VII and ADA claims are untimely because the SDHR complaint was filed more than 300 days after Cruz was placed on unpaid leave and MTA denied her request for an accommodation. *See* R&R at 12. In the R&R, Judge Ricardo wrote that "the Court need not reach the issue of timeliness because Cruz's federal claims based on the COVID Accommodation Allegations made in the SDHR should be dismissed

5

on other grounds," namely, lack of subject matter jurisdiction, *res judicata*, and collateral estoppel. *Id.* at 13. Because Cruz raises only a general and conclusory challenge to the R&R's "findings in matters of jurisdiction," Objs. at 2, the Court must review the R&R's jurisdictional conclusions for clear error, *see Harris*, 338 F. Supp. 3d at 174; *Edwards*, 414 F. Supp. 2d at 346–47. Having closely reviewed Judge Ricardo's thorough and well-reasoned R&R, the Court finds that the R&R's conclusions with respect to jurisdiction—that the Court lacks subject matter jurisdiction over Cruz's claims litigated before the SDHR, and that the Court should decline to exercise supplemental jurisdiction over Cruz's surviving state law claims—"are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008).

Second, Cruz objects to the R&R's "recommendation of no individual liability." Objs. at 2. The R&R explains that, "unlike [the] NYSHRL and NYCHRL, the ADA and Title VII do not provide for individual liability" when defendants are sued in their individual or personal capacities. R&R at 23 (collecting cases). Accordingly, the R&R recommends that, "[e]ven if the Court determines that Cruz's ADA and Title VII [claims] are not otherwise barred, they should be dismissed with regard to the individual Defendants." *Id.* The R&R's conclusion that the ADA and Title VII do not provide for individual liability is correct. *See Keitt v. City of New York*, 882 F. Supp. 2d 412, 426 (S.D.N.Y. 2011) ("Individuals [sued] in their personal capacities are not proper defendants on claims brought under the ADA." (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009))); *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 454 (S.D.N.Y. 2011) ("It is well-settled that employees may not be sued in their individual capacity under Title VII." (citing *Sassaman v. Gamache*, 566 F.3d 307, 315–16 (2d Cir. 2009))). Even if the ADA and Title VII did provide for individual liability, the R&R's conclusion that Cruz's ADA and Title VII claims

are "otherwise barred" under *res judicata* and collateral estoppel and for failure to exhaust administrative remedies, a conclusion to which Cruz has not objected, is not clearly erroneous. R&R at 23.

Third, Cruz objects that she "engaged in protected activity and [that] Defendants aided and abetted [MTA] in increase[d] scrutiny, repeated harassment, aggravated harassment, and discharge[,] which in these circumstances is considered retaliation." Objs. at 3. Because this objection seeks to relitigate issues already raised before Judge Ricardo, the Court must review the relevant portions of the R&R for clear error. *See Edwards*, 414 F. Supp. 2d at 346–47; *Bailey*, 2014 WL 2855041, at *1. Judge Ricardo's conclusion that Cruz's claims concerning the 2023 Termination Allegations are barred by collateral estoppel following the arbitrator's adverse determination, and that Cruz's federal claims not litigated before the SDHR are otherwise barred for failure to exhaust administrative remedies, are not clearly erroneous. *See* R&R at 17, 20–22. Accordingly, this objection, too, is overruled.

The Court has reviewed the remainder of Judge Ricardo's thorough and well-reasoned R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court overrules Cruz's objections, adopts the R&R in full, and orders as follows:

1. Cruz's NYSHRL claims arising out of the COVID Accommodation Allegations and those portions of the Post-Return Harassment Allegations that were litigated before the SDHR are DISMISSED, **with prejudice**, for lack of subject matter jurisdiction;

2. Cruz's ADA, Title VII, and NYCHRL claims related to the COVID Accommodation Allegations and those portions of the Post-Return Harassment Allegations that were litigated before the SDHR are DISMISSED, **with prejudice**, as barred by *res judicata* and collateral estoppel;

7

3. Cruz's ADA and Title VII claims based on those portions of the Post-Return Harassment Allegations that post-date the SDHR complaint are DISMISSED, **without prejudice**, for failure to exhaust administrative remedies;

4. Cruz's claims arising out of the 2023 Termination Allegations are DISMISSED, **with prejudice**, as barred by collateral estoppel;

5. Cruz's NYSHRL and NYCHRL claims based on those portions of the Post-Return Harassment Allegations that post-date the SDHR complaint are DISMISSED, **without prejudice**, for lack of supplemental subject matter jurisdiction; and

6. Cruz's claim for "aggravated harassment" under New York Penal Law § 240.30 is DISMISSED, **with prejudice**, for failure to state a claim.

Any motion for leave to amend the complaint must be filed by **March 18, 2025**, and must be accompanied by (1) a proposed amended complaint; (2) a redline or a description of the changes from the original complaint to the proposed amended complaint; and (3) a memorandum of law explaining how the amendments address the deficiencies described in the R&R and this Order.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 30 and 58 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: February 25, 2025
New York, New York

ANALISA TORRES
United States District Judge